May it please the Court and Council, I am Tom Corrales from the Appellant Defender's Office. I represent Jay Cox in this appeal. Mr. Cox was convicted after the he entered a partially negotiated guilty plea to a charge of aggravated DUI, for which he received the maximum sentence under the agreed-upon cap, 12 years imprisonment. In both of the arguments that we are presenting in this appeal, we ask for a remand to the Circuit Court for new post-guilty plea proceedings. Under the first issue, we are asking for that because the defendant should have had an attorney who did not have to argue his own ineffectiveness in support of the final post-plea motion in this case. The essence of that argument is that the motion filed by Attorney Michael Renzi should not have been allowed to go forward without new counsel being appointed where, in claiming his own ineffectiveness, Mr. Renzi was undertaking to discharge inconsistent duties. In the second issue, we ask for new post-plea proceedings because Mr. Renzi did not file his Rule 604D certificate prior to the end of the hearing at which the motion to withdraw the guilty plea was denied. Now, I intend to focus on the first issue only today, but I want to cover a couple of considerations that I think this Court should be aware of with respect to the second issue. First, the Illinois Supreme Court has heard argument in one of the cases that I cited in the opening brief, In Re HL, a Second District decision from last year. The State's petition for leave to appeal was granted in January of this year and it has been fully briefed and it was actually orally argued just a week ago today. So I expect that decision will resolve the conflict that currently exists between the decisions in Travis and Grace from the 5th and 4th Districts and this Court's decision in that a certificate be filed before the conclusion of a post-plea motion hearing. And the second consideration that also relates somewhat to the 604D issue is I think the first issue in this case should be addressed even if it will be remanded for compliance with the Rule 604D certificate because it's important to give some direction to the Court below and to the Will County Public Defender's Office as to whether a new attorney should be appointed to represent the defendant. Now, turning to that attorney conflict issue, I want to make clear this is also a remand-only argument and that is to say we're arguing that the proceeding in June of 2013 at which Mr. Renzi specifically argued his own ineffectiveness in support of allowing the defendant to withdraw his plea was an inadequate hearing. And it was inadequate because the defendant was represented by an attorney who had two different loyalties, one of which was to protect his own professional reputation. I would put a real-world spin on that to say that the problem was counsel wanted both to win and to lose on the motion that he filed. And that's a conflict of interest that should render that hearing a nullity just as much as the late filing of the 604D certificate rendered the hearing to be null and void. The State counters this argument with one that jumps a step ahead of where we are in this case, saying that the defendant should be foreclosed from having another bite at the apple where he failed to show a sufficient basis for finding Mr. Renzi to be ineffective. That's a premature argument in this case because it's impossible to assess how well the record has been developed to support the ineffectiveness argument when the record was made by the attorney who had a stake in not being found ineffective. So even if the court thought that it was appropriate to look preliminarily at the grounds for the ineffectiveness claim, I think it should find that there is at least a possibility after a full hearing with independent counsel for the defendant to show that his guilty plea was not intelligently and voluntarily entered into. But I hesitate to go into it too much because of the same reasons I mentioned. We haven't had a full hearing yet to flesh that out. So I'm not agreeing with the State's contention, which seems to be that the defendant should have made some kind of a gist of a sufficient claim of ineffectiveness before you would grant relief. I don't agree with that. I think it should be remanded simply because of the conflict. But I also want to counter the State's argument that a defendant who is about to plead guilty doesn't need to know anything at all about the ramifications of his plea on his ability to challenge his sentence later because he's going to be admonished after the sentence about what he can and cannot do with respect to challenging his sentence. I think the only real dispute under the Strickland v. Washington test for ineffectiveness would be the prejudice prong because the record shows that the attorney for the defendant in this case thought that it was possible to appeal the sentence and to file a motion to reconsider the sentence when it wasn't. He actually filed a motion to reconsider his sentence, and then after that was denied in the trial court, he asked for a notice of appeal to be filed. And that demonstrated his unawareness of the rules, specifically under Linder, that you cannot appeal from a motion to reconsider sentence only where the guilty plea involved a negotiated cap. We also have a record that shows that the attorney here encouraged the defendant to take the offer with the cap over one that provided for a fixed nine-year sentence. But what we don't know is whether there was any discussion or thought to plead in blind. There's no record of whether the defendant was informed about whether that should be an option. And of those three options, the fixed nine-year sentence, the cap of 12, or a blind plea, which would have gone all the way to 14 years maximum, only the last one had the opportunity to file a motion to reconsider a sentence and bring a challenge to this court if the sentence was found to be excessive or believed to be an abuse of discussion. So, of course, the failure to advise the defendant of those appeal ramifications could amount to substandard performance. I think it goes without saying that the state's argument here is that because the Supreme Court rules allow for a judge to wait to admonish the defendant, it's okay for an attorney not to cover that at all. And to me, that makes no sense. The very fact that there is no requirement in Rule 402 covering the guilty plea hearing for the judge to tell a defendant, look, if you go along with this partially negotiated plea, you are going to have to live with the sentence I give you, short of it being illegal or over the cap, and you won't have an appeal right. The judge does not have to say that. I frankly believe it should be in Supreme Court Rule 402 and not held off until after the sentence is imposed, because then you'll always be thinking the defendant might be just upset with the sentence he got. But if the judge doesn't need to tell him up front, that's all the more reason why counsel must inform the defendant of the potential or lack of an ability to appeal a sentence. To say it wouldn't mean any difference is to say that no defendant would possibly consider pleading blind as opposed to, say, a cap of 13 1⁄2 years, where the maximum is 14. If he's told, now with the 13 1⁄2, you won't be able to do anything, no matter what the judge gives you. But with the totally blind guilty plea, if you get the maximum, we can do an appeal. If you get 13, we can do an appeal. If you get 12, we can do an appeal. To say that that makes no difference, just kind of contrary to common sense, that that is an important thing for a defendant to know. Now, the state seems to complain that we don't have a specific case that establishes that this should be a part of counsel's pre-guilty plea representation. Well, we've cited a pretty closely analogous case in People v. Edmondson, a 2011 case out of the 2nd District. The state hasn't even responded to our reliance on that case. In that case, the attorney affirmatively told the defendant that he would have the ability to challenge the sentence, both in the trial court and on appeal, in the same exact guilty plea scenario that we have in this case. And Edmondson provided that the defendant was entitled to plead over because of that. Now, I think that should be good enough authority, at least for the proposition that it could very well make a difference to a defendant to know if his appeal rights are going to be intact or lost, depending on whether he takes one type of guilty plea or another. And then, lastly, as far as the prejudice component of the Strickland test, it can't be determined from the proceedings in this case where counsel, again, had an interest in protecting his reputation to expect that we can prove that the defendant would have pled differently. And I think it's important to recognize, too, that the pleading differently is a possibility. It's not just take this guilty plea that he accepted or go to trial. Again, we've said blind guilty plea was another option. And so the prejudice here, it could have been fleshed out better, but it may not have been specifically because of the conflict that the attorney had it not being found ineffective. So we would just ask your honors to reverse the denial of the defendant's motion to withdraw his guilty plea and remand the case to Will County for a new hearing with a new attorney to represent the defendant. If there are any questions. Okay. Thank you, Mr. Corrales. Thank you. Mr. Gnidovich, good morning. Good morning, Your Honor. May it please the court, counsel. With respect to the second issue, I agree with counsel with respect to H.L. One thing I want to point out is that with respect in this case, I just want to point out the fact that counsel, basically on the record, as an officer of the court, indicated that he had complied with 604D. I'm not sure that that is a fact that is in H.L. or not. I know H.L. talks about filing it post-hearing, which counsel did. He filed it the day after in this case. But at the hearing, the case was continued, and then on the day it was continued, that's when counsel was questioned by the state's attorney, and that's when he made the affirmation on the record that he had consulted with his client and that he had ascertained his contentions of error. And the motion that they were on at that time was the motion that was filed by defense counsel. So he filed the motion in addition to the one that defendant filed pro sec. So in this case, we have counsel's basic statement, like I said, as an officer of the court on the record that he had done everything required, but had not just simply done the certificate and not filed it yet. So whether or not that is a fact that is distinguishable from H.L., whether that will make any difference, I cannot say at this point, but basically I just want the court to be aware of that. Otherwise, I think H.L. will probably take and control whatever the decision is on this issue in this court. With respect to the first issue, the ineffective assistance of counsel, in this case, what counsel basically alleged was the fact that the defendant was not told that he could not or would not be able to appeal a sentence because of the greed cap without first trying to withdraw the guilty plea. Now, the trial judge in this case rejected that on two grounds. One, the defendant obviously could appeal. He just had to use the right vehicle to get there. Secondly, he also indicated there was an absence, if you will, of any plausible defense or claim of innocence that would have caused the defendant not to plead guilty. So based on that, the trial judge denied the motion. Now, when counsel alleges, in this case, or makes the statement, I don't know, I don't recall, I don't remember whether or not I told the defendant that he could appeal the sentence directly without filing the motion to withdraw his guilty plea, is that a claim of ineffective assistance of counsel? Is he claiming that? If the allegation itself, if the appeal right is not considered to be a significant feature of the guilty plea that the defendant has to be admonished of, it's the state's position that that cannot formulate the basis of an ineffective assistance of counsel claim. I think this case is really more closely aligned with this court's decision in People v. Sullivan that's cited in the brief, 2014 decision. In Sullivan, the defense counsel, in a post-trial motion, alleged or made the allegation that causation in that case ended up being an important issue and that, therefore, an instruction, jury instruction, on causation, should have been asked for, should have been tended, and should have been given. This court determined, it was argued on appeal, that that allegation by counsel was a claim, a self-proclaimed claim, if you will, of ineffective assistance. This court held, no, it was not. That all counsel was doing was simply bringing forth before the trial court an error that had been forfeited in an effort to get a new trial. I think in this case, what we have is simply an allegation that is being made in an effort to try to take and get the trial judge to allow the defendant to withdraw his guilty plea. It's an issue that allegedly attacks the voluntariness of the plea. I don't necessarily think, especially since the appeal right is not a fundamental right, the defendant is entitled to be admonished in order for his guilty plea to be voluntary. I can't see how it ends up being ineffective assistance of counsel in this particular situation. Now, the cases that counsel decided, not only Edmondson, but Williams, Williams, and Jaworski, all four cases, Williams, Williams, Jaworski, and Edmondson, are all distinguishable because in each of those cases defense counsel made a specific statement that was erroneous. And that is the reason why in those cases ineffective assistance of counsel was found to exist. Because of the fact that counsel said something that was wrong, and as a result of that would have to be argued as ineffective. Here, we don't have that. We don't have counsel misadvising the defendant concerning his appeal rights. The most that we have, and we talk about it in record development, the most that we have here at a hearing, what's counsel going to say? I don't remember whether I did or didn't. So I don't think that this necessarily states an ineffective assistance claim. And if you look at Edmondson, even Edmondson basically says at page 884 of 408, the last third, a defendant might enter a guilty plea because of counsel's erroneous advice or omissions. But this fact alone does not destroy the voluntary nature of the guilty plea. So that being the case, even if we consider the fact here, and this is the reason why I went into the issue, you have to look at the substance of what the allegation is. And that is the appeal right. Well, that allegation, even if it was omitted, that fact alone would not necessarily render the plea involuntary. And you ask yourself, why not? Because it's not one of the requirements of the Supreme Court rules that is mandated that a defendant needs to know in order for his plea to be voluntary. So when you consider the totality of the facts in this case, what was alleged, and you look at it in terms of the nature of a guilty plea, I think this Court will find that what was said here was really not a claim of ineffective assistance. There is no conflict of interest, per se or actual, such that this Court would be justified in reversing the denial of the motion to withdraw a guilty plea. If the Court has any questions, I'll be happy to respond. Otherwise, people would ask this Court to affirm the judgment. I have a question, but I'm not quite sure how to frame it. What you're relying on for saying that there's not a claim of ineffective assistance is counsel's version of his discussions with the defendant. I don't remember whether I told him or not. That might be characterized as budging, and it may be that conflict-free counsel would be able to elicit more fully what actually was or wasn't said by counsel to his client. I recognize that there's a little bit of circularity involved in my question, but I think there's a little circularity involved in your argument, too. So I think that's a question. Does it seem like something you can answer or address? Would conflict-free counsel be able to question trial counsel more thoroughly or in a different manner so as to try to draw out exactly what he said to his client about his appeal? Right, and also may be able to draw out from the defendant more what was said, too. I mean, it's hard to look at your court-appointed counsel and say, this is what you told him, you screwed me. And it may be that a different attorney might be able to elicit information that gives a better picture of what the attorney actually said to the client. I think that in this particular situation, and I am just conjecturing, that would be from what I have seen in other records in other cases, by and large if counsel basically says on the record here that he doesn't remember, there's probably not going to be a whole lot more that's going to be talked about. They'll be able to talk about it. They'll be able to get into all the discussions. They'll be able to talk about the sentencing cap. They'll be able to talk about the offer that was made, why it was rejected, etc. I don't think, and I think what you're going to end up with is you're going to end up simply with the record where counsel does not remember, cannot specifically call, and will not be able to directly respond, and more than likely will probably have a defendant say that he never told me anything about that. So what if questioning the attorney, the trial attorney, elicits the fact that he didn't know that you had to withdraw the guilty plea in order to do that? Not that he just doesn't remember whether or not you told him, but that in fact he doesn't know, which is sort of... See, it seems that the record already kind of indicates that. Yeah. And my response to that is he didn't know. Well, if he didn't know, he couldn't tell him. But he didn't. I shouldn't say he didn't. We don't know if he did. Now, if he can't remember. But let's assume for the sake of argument that counsel here was under the misapprehension, but never said anything. Would that make him ineffective? I don't think it would, personally. Well, it depends on whether or not you think it's important for him to have that information in order to do an informed plea. And that's nature, and that's what you have to look at to see are appeal rights that fundamental that the defendant has to be advised of that. And the Saldana case I cited says no, appeal rights are not. They do not affect the voluntariness of a guilty plea. And that is the reason why I'm not really necessarily jumping ahead here, arguing like we had a hearing, as counsel has kind of indicated. But that's the reason why I'm looking at the nature of the issue. Simply saying it's simply saying because counsel admits to something that you didn't know, but didn't communicate. It's ineffective. Because we throw ineffective out there, it's just not this issue that basically gets the defendant by everything, and he can get a hearing, and he can get counsel, he can get this. It's just that's not, to me, what this is all about. And that's the reason why, even if counsel's knowledge was wrong, if he didn't communicate it, and there's no evidence that he did, that's not an effective assistance. Okay. But, you know, we're here. You're speculating. I'm speculating. Maybe Mr. Corrales is speculating. And it would seem that in a situation like this, the smart thing to do is to send it back and get an answer. But as, and I just simply point this out from Sullivan, and Sullivan, that was one of the same things that was considered there, and this court rejected that idea, saying if that's the case, any time they say this, we've got to be sending these things back, we're going to have to have new counsel, et cetera, et cetera. That's not what this is all about. This is not judicious use of resources. If there is no issue, there's no right for it to go back. Speculation or not. And that's the reason why I think you need to look at the issue. Okay. It may be a judicious use of resources if, when we send these things back, the trial courts do it right the first time and it doesn't come up. I understand. How do you address Mr. Corrales's point that defense counsel did file a motion to reconsider? So that makes it pretty likely that he thought he could. But the question is, what's the ineffective assistance based on? Because he filed the wrong motion? Or because he didn't tell the defendant about the appeal rights? It's not that he filed the wrong motion. That's not. We can concede that all the way out. We can take and say he filed the wrong motion. He did know what was the right way to do this. But the allegation of ineffectiveness is not that I filed the wrong motion because all he had to do was file the right motion. The ineffectiveness is the fact that I didn't tell the defendant that if he accepted the cap of the sentencing thing that he couldn't just attack the sentence. He'd have to take and withdraw the guilty plea. Which, in either case, he's still going to be able to appeal. Did the court consider the merits of the motion to reconsider? I know you've read this a lot of times. I want to say that the court did. Because what they did is they had a hearing and it was continued. The first hearing was the defendant's motion, I believe. And then it was continued for decision. And in the interim, that's I think when this other motion was filed. And Renzi may have raised something at the early hearing, but it was continued. And it was at that continuance hearing that I think the argument was more fully developed. And I'm not honestly sure. Thank you, Your Honor. Thank you. Mr. Peralez, I mean, above all. Yes, Your Honor. Well, first, there's one thing we don't have to speculate about, and that is Mr. Renzi's state of knowledge. At the beginning of the final hearing, this is from the transcript of June 7th, that was the second-to-last hearing. The last one was when Judge Rozak ruled on the motion. But at record page R164, Mr. Renzi said, I know I didn't tell Mr. Cox that I thought it was an appealable issue. I don't know if, in fact, I told him we could always appeal. But he says, I thought it was an appealable issue. And then later, another quote from Mr. Renzi is, I never told him it was a non-appealable issue because I thought it was appealable. And another thing that happened is, at the end of the motion to reconsider the sentence, which Judge Rozak heard, possibly under the impression that maybe he had the jurisdiction to grant the motion, but if he denied it, that was the end of things, Mr. Renzi asked the court to direct the clerk to file a notice of appeal. And Judge Rozak said, wait a minute. That's not, you can't. You haven't filed a motion to withdraw. So that's what prompted the motion to withdraw in this case, is being educated by the court on the fly. There was some mention of the fact that Judge Rozak relied on the fact that the defendant didn't lose his right to appeal. He could still appeal. Well, he can't appeal the 12 years. The only appealable issue is whether the motion to withdraw the guilty plea was properly ruled on. Because that's the only proper motion in a partially negotiated guilty plea. So it's kind of a red herring to say, well, you still can go on appeal. You can get an appellate case number. But you can't touch this 12-year sentence unless you can withdraw the guilty plea. That's what happens, the fully negotiated guilty plea case in the Supreme Court. And Linder, the one that covers partially negotiated guilty pleas, provides for the state is insulated against losing the sentence that the judge gives, short of the motion to withdraw the guilty plea being allowed and everybody going back to the bargaining table. Now, Sullivan is a case that followed a trial. And I think there's a distinction in that where a record of a trial is a lot more expanded in terms of counsel's performance. Guilty pleas are pretty bare bone. And when an attorney puts an allegation of his own ineffectiveness on a strategic decision like a jury instruction, he may just be preserving that for the appellate record. And it may be possible to look at the record and say, well, it seems like strategy and we're not going to require an independent attorney to be appointed. If it looks like a pro forma, well, mea culpa. I should have done something differently. But when a guilty plea is based on some advice that we don't even know how it was communicated to the defendant, that's off the record. And I would just echo the comments of Justice McDade. There could be more to be said about these communications. The defendant, for sure, could have been put on the witness stand. How would you have approached a blind plea as opposed to a plea with a cap of 12 where you couldn't appeal 12, 11, 10? Would you have rather pled blind? And then we would have a better record of whether or not this performance of Michael Renzi rendered defendants' guilty plea misinformed, to say the least. So if there are no other questions. Thank you. Thank you. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will stand in brief recess for appeal.